UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAKE ANTHONY ENGLISH, | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-18-1585 |
| ARAMARK CORPORATION and ARAMARK CORRECTIONAL SERVICES, L.L.C., | § § § § § | |
| Defendants. | § § | |

# **MEMORANDUM AND ORDER**

The plaintiff, Jake Anthony English, also known as Lloyd Delaney (former TDCJ #02215301, former SPN #01222980), filed this lawsuit in state court while he was in custody at the Harris County Jail. The plaintiff alleges that Aramark Corporation violated the Texas Deceptive Trade Practices Act ("DTPA") in connection with his purchase of a pair of "shower shoes" from the Harris County Jail commissary, which is operated by Aramark Correctional Services, LLC (collectively, the "defendants"). Asserting diversity of citizenship under 28 U.S.C. § 1332, the defendants removed the plaintiff's lawsuit to this Court. The defendants have now filed a motion for summary judgment [Doc. # 30]. The plaintiff has filed more than one response to the defendants' motion [Docs. # 31, #33]. He has also filed a motion for a continuance to conduct discovery [Doc. # 32]. The defendants

have filed a reply [Doc. # 37], to which the plaintiff has filed a sur-reply [Doc. # 39]. After considering all of the pleadings and the applicable law, the Court will grant the defendants' motion for summary judgment and dismiss this case for reasons set forth below.

I.  **BACKGROUND**

On April 9, 2018, the plaintiff filed a complaint against the defendants alleging a violation of the DTPA, citing Tex. Bus. & Com. Code §§ 17.45(4), 17.50(a)(1), and other provisions, in connection with his purchase of a pair of shoes from the commissary at the Harris County Jail (the "Jail").[1] The plaintiff also filed a supplemental complaint, asserting that he was a consumer who was harmed by goods sold by the defendants at the Jail.[2] Because the plaintiff did not include any specific allegations in support of his claim, the Court requested a more definite statement pursuant to Fed. R. Civ. P. 12(e) to further supplement his pleadings.

The plaintiff alleges that, while in custody as a pretrial detainee at the Jail on November 15, 2016, he purchased a pair of shoes from the Jail commissary for $2.29 for use in the shower.[3] The shoes were listed in "number 8076" of the "Commissary Menu" of items for sale as a "shower shoe V-strap XL," but identified as "thong

---

[1] *See* Plaintiff's Original Petition [Doc. 1-5], at 4.
[2] *See* Plaintiff's First Supplemental Petition [Doc. 7], at 1-2.
[3] *See* Plaintiff's More Definite Statement [Doc. 25], at 2.

sandals" on his receipt.[4] He describes the shoes as "white in color with a spongy sole" and a "very narrow strap" made of "black rubber flexible material."[5] The same day that the plaintiff purchased these shoes he wore them in the shower.[6] While showering, one of the shoes "became lodged or stuck to the shower surface."[7] When he attempted to move his foot, the black rubber strip dislodged from the rest of the shoe and he slipped, falling backwards onto the concrete surface of the shower.[8]

The plaintiff claims that he hurt his back and hip.[9] He was treated at the Jail infirmary with Ibuprofen, Naproxen, a heating pad, and extra strength Tylenol.[10] After he was convicted and transferred to the Texas Department of Criminal Justice ("TDCJ"), the plaintiff sought additional treatment for lower back pain and numbness.[11] X-rays reportedly revealed a herniated disc in his lumbar spine.[12]

The plaintiff claims that the defendants violated the DTPA because the shoes he purchased were represented on the Jail Commissary Menu printed by "Aramark" as a "shower shoe."[13] The plaintiff maintains that this representation was false and

---

[4] *See id.* at 2, 5-6.
[5] *See id.* at 2.
[6] *See id.* at 3.
[7] *See id.*
[8] *See id.*
[9] *See id.* at 3-4.
[10] *See id.* at 4-5.
[11] *See id.* at 4.
[12] *See id.*
[13] *See id.* at 5, 10.

misleading because he slipped and fell in the shower while wearing them, even though the product was advertised as a "shower shoe."[14] He clarifies that his "intention was to purchase a shoe product that was adequate and safe to be worn in the shower for foot protection."[15] By advertising the product as a "shower shoe," the plaintiff assumed that they were "safe for such use."[16] Instead, the plaintiff claims that the shoes he purchased were simply "thong sandals," which were not safe.[17] Alleging that he relied on the defendants' misrepresentation to his detriment, the plaintiff appears to seek $100,000.00 in compensatory damages for his pain, disability, mental distress, loss of earnings, and medical expenses incurred and in the future, as well as for "past and future" disfigurement and impairment.[18]

The defendants move for summary judgment, arguing that the plaintiff's claims are barred because he failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997e(a). The defendants argue further that the plaintiff does not demonstrate a valid claim under the DTPA. Although the plaintiff has filed more than one response to the motion, he has also requested a continuance to conduct discovery.[19] That motion is

---

[14] *See id*. at 6-7.
[15] *See id*. at 7.
[16] *See id.*
[17] *See id*. at 11.
[18] *See* Plaintiff's Original Petition [Doc. 1-5], at 6.
[19] Plaintiff's Motion for Continuance of Proceedings Pursuant to Fed. R. Civ. P. 56(d)(1) and (2) [Doc. # 32].

denied because the plaintiff does not allege what discovery he intends to pursue or show how it would raise a genuine issue of material fact under the governing standard of review.[20]

## II. STANDARD OF REVIEW

The defendants move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Under this rule, a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id*.

If the movant demonstrates the absence of a genuine issue of material fact, the

---

[20] To justify a continuance under Fed. R. Civ. P. 56(d) the motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact. *See Stearns Airport Equip.*, 170 F.3d at 534-35 (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)). In that regard, the movant "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'" *Stearns Airport Equip.*, 170 F.3d at 535 (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citation omitted)). Because the plaintiff does not meet this burden, his request for a continuance is denied.

burden shifts to the non-movant to provide "specific facts showing the existence of a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A reviewing court "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment[.]" *Smith v. Regional Trans. Auth.*, 827 F.3d 412, 417 (5th Cir. 2016). However, a non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 348 (5th Cir. 2012) (quoting *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002)); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence).

### III. DISCUSSION

#### A. Exhaustion of Administrative Remedies

The defendants argue that this case should be dismissed because the plaintiff did not exhaust available administrative remedies with respect to the shower shoes that he purchased at the Jail on November 15, 2016. Because the plaintiff filed this lawsuit while incarcerated, his case is governed by the PLRA, which prohibits any action by a prisoner in federal court concerning "prison conditions" until "such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has emphasized that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

The Harris County Jail has a two-step grievance process that includes an initial grievance, followed by an appeal. The plaintiff alleges that he filed an initial grievance regarding the alleged DTPA violation in connection with the shower shoes that he purchased at the Jail, but that his grievance was "denied due to the fact that it was not a grievable issue."[21] He did not file an appeal. Instead, on January 20, 2018, the plaintiff sent a "Notice of Intent to Sue" to Aramark Corporation, advising them of his claims under the DTPA.[22]

Because officials at the Jail determined that the issue raised by the plaintiff

---

[21] *See* Plaintiff's More Definite Statement [Doc. # 25], at 13.
[22] *See id.*

was not redressable through the grievance process, the defendants fail to show that he was required to press his claim any further.[23] In that regard, an administrative procedure that cannot provide any relief or that lacks authority to take any action in response to a complaint does not provide an "available remedy" for the purposes of exhaustion under the PLRA. *See Dillon v. Rogers*, 596 F.3d 260, 267 (5th Cir. 2010). Under these circumstances, the defendants fail to show that dismissal is appropriate for failure to exhaust administrative remedies.

B. **Plaintiff Does Not Establish a DTPA Violation**

The defendants argue that the plaintiff does not demonstrate a violation of the DTPA because he does not identify a misrepresentation made by the defendants. In support of their motion, the defendants provide an affidavit from Glenn Stepherson, who works for Aramark Corporation as a "Commissary Manager" and is familiar with the commissary operations at the Harris County Jail.[24] Stepherson notes that the shower shoes listed on the Commissary Menu of available items are thong-style sandals of the sort that are commonly used by inmates in the communal showers at the Jail to protect their feet from moist conditions and the transmission of

---

[23] The defendants argue further that the plaintiff could have, but did not, pursue the two-step administrative grievance process available in TDCJ, where the plaintiff was later transferred. *See* Defendants' Motion for Summary Judgment [Doc. # 30], at 4. This argument is without merit. The defendants do not show that the grievance process in place at TDCJ was available to investigate and resolve complaints concerning conditions or incidents that happened at a county jail facility not operated by TDCJ.

[24] *See* Affidavit of Glenn Stepherson ("Stepherson Affidavit") [Doc. # 30-1], at 2.

infections.²⁵ Stepherson provides a copy of the Commissary Menu, which describes item number 8076 as "Shower Shoes - V Strap XL," and correctly notes that it contains no representations or statements regarding the quality or grade of the shoes.²⁶

To demonstrate a violation of the DTPA a plaintiff must show that (1) the plaintiff is a consumer, a person who seeks or acquires goods or services by purchase or lease, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) the act constituted a producing cause of the consumer's damages. *See Gill v. Boyd Distributing Ctr.*, 64 S.W.3d 601, 604 (Tex. App. – Texarkana 2001, pet. denied) (citing Tex. Bus. & Com. Code §§ 17.45(4), 17.50(a)). To the extent that the plaintiff relies upon § 17.50(a)(1), he must demonstrate that the defendants made a representation of fact regarding the goods at issue that was "inaccurate or false." *Id.*²⁷

Here, the only representation identified by the plaintiff was that the item that he purchased from the Jail commissary was listed on the commissary menu as a pair

---

²⁵ *See id.* at 2-3.
²⁶ *See id.* at 3, 4-5.
²⁷ All of the other provisions of the DTPA listed in the plaintiff's pleadings also require a showing that the defendants made some kind of a misrepresentation about the shoes. *See* Tex. Bus. & Com. Code §§ 17.45(b)(5) ("Representing goods or services that claim to have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities but do not …"), 17.45(b)(7) ("Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another"), and 17.45(b)(9) ("Advertising goods or services with intent not to sell them as advertised").

of "shower shoes." While the plaintiff assumed that the listed item was designed to provide some measure of "foot safety," he identifies no representation to that effect that is attributable to the defendants. Instead, he points to information from a distributer's website for thong-style sandals, noting that there is no statement saying that this type of shoe was intended for use in the shower.[28] Viewing all of the allegations and evidence in the light most favorable to plaintiff, as the non-movant, he does not show that the defendants made any affirmative false or misleading representation of fact about the shoes in violation of the DTPA. To the extent that the plaintiff blames the shoes for his slip and fall in the shower, he does not state an actionable claim against the defendants under any other theory. *See, e.g., Shaw v. TDCJ-CID*, 540 F. Supp. 2d 834, 838-39 (S.D. Tex. 2008) (citing *Reynolds v. Powell*, 370 F.3d 1028 (10th Cir. 2004); *Walker v. Reed*, 104 F.3d 156 (8th Cir. 1997)); *see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993). Because the plaintiff has not raised a genuine issue of material fact, the defendants are entitled to summary judgment.

IV. **CONCLUSION AND ORDER**

Accordingly, the Court **ORDERS** as follows:

1. The Defendants' Motion for Summary Judgment [Doc. # 30] is

---

[28] *See* Plaintiff's Response to Defendants' Motion for Summary Judgment [Doc. # 33] at 16 (Exhibit A4).

**GRANTED**.

2. The plaintiff's motion for a continuance to conduct discovery [Doc. # 33] is **DENIED**.

3. This civil action is **DISMISSED** with prejudice.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas on <u>May 20</u>, 2019.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE